IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No._____

PATRICK L. GUTIERREZ, JOSEPH L. GUTIERREZ,
and SYLVIA GRAHAM,

                Plaintiffs,

v.

PIONEER NATURAL RESOURCES USA, INC.,

                Defendant.

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO.

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Pioneer Natural Resources USA, Inc. ("Pioneer Natural Resources") removes this action from the District Court of Las Animas County, Colorado to the United States District Court for the District of Colorado. In support hereof, Pioneer Natural Resources states as follows:

### CASE BACKGROUND AND FOUNDATION FOR REMOVAL

On May 26, 2006, Plaintiffs Patrick I. Gutierrez, Joseph L. Gutierrez, and Sylvia Graham (collectively "Plaintiffs") filed a complaint against "Pioneer Evergreen Properties LLC, successor to Evergreen Resources, Inc." (hereinafter "Pioneer Evergreen Properties") in the lawsuit captioned *Gutierrez, et al. v. Pioneer Evergreen Resources, LLC*, Case No. 2006CV77 (District Court, Las Animas Cty., Colo.) ("State Court Action"). (*See* Exhibit 1, Complaint filed

#787805.4

- 2 -

on May 26, 2006)[1]   In the Complaint, Plaintiffs assert claims for breach of contract and certain implied covenants based on the contention that Pioneer Evergreen Properties improperly failed to drill a gas well on land leased from Plaintiffs for oil and gas exploration and development. (*See id.*, at ¶¶ 6, 8, 11 and 13.) As set forth below, Pioneer Evergreen Properties ceased to exist as of approximately September 2004.

On November 29, 2006, the Clerk of Court for the District Court, Las Animas County, issued a Notice of Dismissal For Failure To Prosecute and notified Plaintiffs to show cause as to why the case should not be dismissed. (*See* Ex. 1, Notice of Dismissal filed on November 26, 2006.) On December 29, 2006, Plaintiffs responded that they were conducting a mineral title examination and requested that the action be retained on the docket until April 1, 2007. (*See* Ex. 1, Motion to Retain On Docket filed on December 29, 2006.) On January 10, 2007, the court granted Plaintiffs' Motion to Retain. (*See* Ex. 1, Order to Retain filed on January 10, 2007.)

On March 30, 2007, Plaintiffs informed the court that they were still conducting a mineral title examination and requested that the action be retained on the docket. (*See* Ex. 1, Second Motion to Retain on Docket filed on March 30, 2007.) On April 13, 2007, the court granted Plaintiffs' Second Motion to Retain. (*See* Ex. 1, Order to Retain filed on April 13, 2007.)

On April 27, 2007, Plaintiffs attempted to serve "Pioneer Evergreen Properties, LLC" with a Summons, Complaint and Civil Cover Sheet. (*See* Ex. 1, Notice of Deposit filed on April 27, 2007.) Pioneer Evergreen Properties, LLC has not existed since approximately September of 2004. (*See* Exhibit 2, Affidavit of Ronald I. Schindler ("Schindler Aff."), at ¶ 6.) The Return of Service filed by Plaintiffs indicates that the aforementioned pleading and related documents were served on "Pioneer Evergreen Properties, Inc." (*See id.* at ¶5.) Pioneer Evergreen Properties,

---
[1] Exhibit 1 contains all of the pleadings filed in the State Court Action.

Inc., which was not identified, or named as a party, in the underlying litigation, is not an entity affiliated with or related to Pioneer Natural Resources. (*Id.*)

Thereafter, Pioneer Natural Resources' counsel informed Plaintiffs' counsel that Pioneer Evergreen Properties, LLC no longer existed. (*See id.*, at ¶ 7.) On June 7, 2007, Plaintiffs filed an amended Complaint naming Pioneer Natural Resources as the defendant. (*See* Ex. 1, First Amended Complaint filed on June 7, 2007.) On June 11, 2007, by an agreement of the parties, counsel for Pioneer Natural Resources accepted service of process. (*See* Exhibit 3, Waiver and Acceptance of Service.)

## GROUNDS FOR REMOVAL

This notice of removal is filed within thirty days after Pioneer Natural Resources' receipt of the First Amended Complaint. Removal of this action is therefore timely under 28 U.S.C. § 1446(b). The First Amended Complaint asserts claims over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. As set forth below, this action may therefore be removed under 28 U.S.C. §§ 1441 and 1446 because the matter in controversy exceeds $75,000 and is between citizens of different states.

### A.   Complete Diversity of Citizenship Exists.

Pioneer Natural Resources has complete diversity of citizenship from Plaintiffs.

Plaintiffs: Plaintiffs reside in Colorado. The Complaint identifies the address of Plaintiffs as 6310 Umber Circle, Golden, Colorado 80403. (*See* Ex. 1, First Am. Compl., at ¶ 3.)

Defendant: At the time when this lawsuit was initiated and at the time of removal, Defendant was (and is) a corporation existing under the laws of the State of Delaware, having its principal place of business in Irving, Texas. (*See* Schindler Aff., at ¶ 4.) Accordingly,

the parties are "citizens of different States[,]" *see* 28 U.S.C. § 1332(a)(1), and complete diversity exists.

### B.     The Amount In Controversy Exceeds $75,000.

"The amount in controversy is ordinarily determined by the allegations of the Complaint, or, where they are not dispositive, by the allegations in the notice of removal." *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995). The pleadings filed by Plaintiffs demonstrate that the amount in controversy exceeds the required threshold of $75,000. Plaintiffs allege that they seek damages for the "cost of drilling a gas well," "lost royalties," and "interest" in an amount in excess of $100,000.00. (*See* Ex. 1, First Am. Compl., at ¶ 14.) In addition, Plaintiffs elected to bypass the "simplified procedure" permitted under Colo. R. Civ. P. 16.1 (*See* Ex. 1, Civil Cover Sheet filed May 26, 2006), which "normally limits the maximum allowable judgment to $100,000 against any one party." *See* Colo. R. Civ. P. 16.1(a)(2) (2007). Accordingly, the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a).[2]

### VENUE

Venue is proper in the District of Colorado. *See* 28 U.S.C. § 1391(a)(2).

### PROCESS, PLEADINGS, AND ORDERS SERVED

As required by 28 U.S.C. § 1446(a) and D.C.Colo.L.R. 81.1, true and accurate copies of all process, pleadings, orders, and other papers filed in the State Court Action are attached hereto as Ex. 1.

---

[2] No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this notice of removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), the filing of a copy of this Notice of Removal with the Clerk of the State Court effects the removal of the State Court Action.  A copy of this Notice of Removal has been served on opposing counsel and filed contemporaneously in Las Animas County District Court and is attached as <u>Exhibit 4</u>.

## CONCLUSION

Because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332.  Defendant is therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441.

Dated:  June 25, 2007

s/ Jamie L. Jost
Jonathon D. Bergman, #26473
Jamie L. Jost #34317
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO  80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379

ATTORNEYS FOR DEFENDANT
PIONEER NATURAL RESOURCES USA, INC.

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2007, I electronically filed the foregoing **Notice of Removal** with the Clerk of Court using CM/ECF or e-mail for filing and hereby certify that I have served the following parties via the CM/ECF system or by U.S. mail:

>Dennis Malone
>100 East Main Street, Suite 209
>Trinidad, CO 81082
>dennis@colocounsel.com

>s/Jamie L. Jost
>Jonathon D. Bergman, #26473
>Jamie L. Jost, #34317
>DAVIS GRAHAM & STUBBS LLP
>1550 Seventeenth Street, Suite 500
>Denver, CO 80202
>Telephone: (303) 892-9400
>Facsimile: (303) 893-1379